No.——

First Circuit

---

PATIN v. CASSANO, ET ALS.

---

(April 11, 1928.  Opinion and Decree.)
(May 8, 1928.  Rehearing Refused.)

---

(*Syllabus by the Editor*)

1.  **Louisiana Digest—Automobiles—Par. 8; Pleading—Par. 56.**
Where one is hurt by the negligence of the drivers of two automobiles which collided he can sue both for damages in solido. Exception of misjoinder is overruled allowing each defendant to sever his defense from that of the other.

Appeal from the Parish of East Baton Rouge. Hon. George K. Favrot, Judge.

Action by Joseph A. Patin against Henry Cassano et als.

There was judgment for defendant and plaintiff appealed.

Judgment reversed, exception of misjoinder overruled, and case remanded to lower court for trial.

Taylor and Parker, of Baton Rouge, attorneys for plaintiff, appellant.

D. J. Sanchez, of Baton Rouge, attorney for Henry Cassano, defendant, appellee, and Cross and Moyse, of Baton Rouge, attorneys for J. L. Jeffries, defendant, appellee.

ELLIOTT, J. J. A. Patin claims of Henry Cassano and J. L. Jeffries $17,595.00 in solido as damages on account of injuries received by him in a collision of automobiles in the City of Baton Rouge, one of which was driven by Henry Cassano and the other by said Jeffries.

Plaintiff alleges that on the invitation of Henry Cassano he was riding in an automobile truck belonging to and driven by Cassano. That he occupied a seat on the floor, in the rear of the truck, and that said Cassano, while driving on Scott Street and approaching the Center Street crossing, undertook to make the crossing while driving at an excessive rate of speed, and without slowing down for the purpose of having his car under control. That with proper precaution he could have seen the car of said Jeffries coming on Center Street as it reached Scott Street, in time to slow down sufficiently to have avoided the collision. That the view of the crossing was obstructed, and the situation necessitated the exercise of ordinary caution, etc.

That said Jeffries was driving an automobile belonging to him, on Center Street. That he, Jeffries, approached the place where Center Street crosses Scott Street at an excessive rate of speed, without slowing down for the crossing or having his car under proper control. That with proper precaution he could have seen the Cassano car coming on Scott Street in time to have slowed down sufficiently to have avoided a collision with said Cassano.

He further alleges that both drivers approached said crossing recklessly and without the exercise of proper care, and without regard for the safety of the occupants of the respective cars. That said Cassano and said Jeffries each reached the crossing at the same time and ran together in a collision caused solely by their mutual fault, negligence, carelessness and recklessness. That plaintiff was injured as a result of the combined negligence, careless and reckless act of the two defendants, etc., and prays for judgment against them in solido for the amount stated.

The defendants Cassano and Jeffries each appeared and excepted to plaintiffs demand on the ground that there was a misjoinder of parties defendant. The exception was sustained and the suit dismissed. The plaintiff appealed.

The only question before the Court is whether the petition of the plaintiff alleges a cause of action which justifies, if true, a judgment in solido against the two defendants.

According to the petition it was the combined fault, negligence, carelessness and recklessness of the two defendants that brought about the collision which resulted in plaintiff's injury. That without their combined act, fault and neglect as set forth in the petition there would have been no collision nor injury.

Such a charge involves but one cause of action against the two parties whose combined act produced the collision which caused the injury. If the allegations are true, then defendants are liable in solido. C. C. Art. 2091 and 2324. Cline Directors vs. Railroad Company, et als., 41 La. Ann. 1031, 6 So. 851; Ruling Case Law, Vol. 20, Subject, Parties, Section 18, p. 880, etc.

The defendants urge that it appears from the petition that there was no privity, collusion or concert in action between them in bringing about the collision, and that their defense will be antagonistic, etc.

The right to join the two defendants in the same suit does not depend on that fact, but on the fact that the act of each is alleged to have been wrongful, and that their combined act, negligence, recklessness and wrongdoing produced the collision which caused the injury.

It is alleged that such was the case, therefore the defendants can be joined together and if the facts justify it, can be condemned in solido for the damage done. The exception should have been overruled. The defendants should be allowed to sever in their defense if they so desire.

The judgment appealed from is therefore annulled, avoided and set aside. The exception of misjoinder filed herein by Henry Cassano and that by J. L. Jeffries is overruled, and the case remanded to the lower court to be proceeded with in the form and manner prescribed by law.

Defendants to pay the cost of the exceptions and the cost of appeal.